# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

Case No.: 9:26-cv-80116-DMM

GABRIEL RIVERA PACHECO,

    Plaintiff,

v.

NEWEST BEGINNINGS, LLC,

    Defendant.

_____/

## JOINT STATUS REPORT IN RESPONSE TO THE COURT'S JUNE 24, 2026, OMNIBUS ORDER

Plaintiff Gabriel Rivera Pacheco and Defendant Newest Beginnings, LLC, by and through undersigned counsel, respectfully submit this Joint Status Report in response to the Court's June 24, 2026, Omnibus Order (the "Order"), which directed the parties to file a Joint Status Report by July 2, 2026, explaining what progress has been made.

**Plaintiff's Statement**

Since entry of the Court's June 24, 2026, Omnibus Order, Plaintiff has continued to preserve the relevant devices, accounts, forensic images, and electronically stored information addressed by the Court's prior orders.

Plaintiff has filed the Supplemental Declaration of Robert D. Moody in response to Paragraphs 3 and 4 of the Court's June 24, 2026, Omnibus Order.

The Supplemental Declaration of Robert D. Moody addresses the Chain of Custody, Transfer Log, and Evidence Intake Forms Report, including the identifier information for the relevant devices and evidence items.

The Supplemental Declaration of Robert D. Moody also addresses Defendant's fifth and sixth identified deficiencies concerning the SHA1 hash values.

Accordingly, Plaintiff has complied with the Order.

Defendant's below statement seeks to re-litigate compliance with this Court's May 28 preservation order. (Doc. 23). Defendant moved to compel compliance with that order and for sanctions (Doc. 27). This Court denied those motions except as specified in the Order.

It is clear that the parties do not agree about substantial aspects of the discovery process, including forensic issues.

In light of the discovery schedule set by this Court (Doc. 40), Plaintiff is preparing and intends to serve promptly formal Rule 34(b)(2) written responses and objections to Defendant's First Request for Production, despite its improper and ineffective service on May 17, 2026.

Plaintiff remains willing to meet and confer in good faith to attempt to resolve these disputes, even though it seems that Defendant is not.

In the event that the parties are unable to resolve issues regarding Defendant's First Request for Production (or if defense counsel fails to meet and confer), Plaintiff may unfortunately need to seek Court intervention.

**Defendant's Statement**

Plaintiff's characterization of Defendant's Statement as an attempt to re-litigate prior motions does not accurately represent the purpose of this filing. The Court's June 24, 2026 Order directed the parties to file a Joint Status Report explaining what progress has been made. Defendant's Statement identifies the specific respects in which compliance with the Order remains incomplete. That is precisely the function this report serves.

Defendant cannot independently verify the adequacy of Plaintiff's ongoing preservation, as Defendant has not been permitted to conduct a forensic examination of the imaged devices. Defendant reserves all rights to challenge the sufficiency of preservation upon completion of forensic examination.

Defendant acknowledges that Doc. 42-1 provides hardware identifiers, serial numbers, IMEI numbers, and HDD serial numbers for physical devices and email account addresses for most (but not all requested) cloud items, and that the duplicate SHA1 hash error in the prior declaration has been corrected. Those are partial improvements. Full compliance with the Court's Order has not been achieved.

First, the Court's Order required identification of "every device used to access newestbeginnings.com on September 22 and December 22, 2025" and "every device used to capture, annotate, or process the screenshot exhibits filed as ECF No. 5-1." (Doc. 23, Para. 4(a), (c).) Doc. 42-1 lists devices in the possession of Plaintiff and EALG personnel and confirms they were forensically imaged. It does not contain any sworn statement establishing which specific device was actually used to access newestbeginnings.com on September 22 or December 22, 2025, or which device was used to generate the screenshot exhibits. Identifying that a device exists in someone's possession and was imaged is not the same as identifying that device as the one actually used for the purposes specified in the Order. The Order's language is functional: it turns on use, not possession.

Second, Item 11, the PandaDoc email folder, remains identified only as a "PandaDoc Folder in General Information Email Account" with no email address disclosed. The Order required identification of "every device and account used to execute PandaDoc interrogatory answers in this and related cases." (Doc. 23, Para. 4(d).) After three rounds of compliance submissions, the specific email address of that account has not appeared in any filing.

Third, and most critically, the IMAP-to-PST collection methodology used for cloud-based Evidence Items 03, 06, 07, 09, 11, and 13 does not preserve electronically stored information in a forensically complete state and does not satisfy the Court's Order. The Order required preservation of "all electronically stored information related to the preparation of interrogatory answers in this action and all related EALG cases" and "all browser history, DevTools session data, accessibility tool outputs, screenshot files, and automated scanning tool data relevant to the claims in this action." (Doc. 23, Para. 2(f), (g).) An IMAP connection retrieves only what the mail server presents at the time of connection. It does not capture permanently deleted messages, server-side routing metadata, transmission headers, or the complete chain of communication between EALG personnel regarding the preparation of Plaintiff's sworn evidence. IMAP-to-PST collection is the digital equivalent of printing emails to paper: the resulting file contains the visible body of messages present in the inbox at the moment of connection, and nothing more. The deleted exchanges, internal directives, and communications that would reveal who directed what to whom in assembling Plaintiff's interrogatory answers are precisely the categories of ESI that IMAP cannot reach and does not preserve. Those are the categories directly covered by Paragraph 2(g) of the Order. Paragraph 11 of Doc. 42-1 states that "the entire contents of the source at issue were captured and preserved." That statement is not accurate for IMAP collection methodology.

Plaintiff elected this methodology knowing its limitations. It produces the minimum recoverable record while creating the appearance of forensic compliance. The SHA1 hash applied to the PST container verifies only that the container was not altered after collection; it says nothing about what was not collected in the first place.

Defendant expressly disagrees that Plaintiff has complied with the Court's Order. For the reasons set forth above, compliance with the Order is materially incomplete. Defendant does not agree to any characterization to the contrary.

The parties' disputes are not confined to general "forensic issues" and are not resolvable through continued conferral on the current record. Plaintiff has not produced a single document, item of ESI, or tangible material in response to Defendant's First Request for Production of Documents, ESI, and Tangible Things, served May 17, 2026, with a production deadline of June 18, 2026. Even if the time runs from the filing of Joint Report, the ESI protocol items are pat due, and Plaintiff continues to evade their turnover. Plaintiff served objections that are without basis under the Federal Rules of Civil Procedure and the Court's scheduling order. As of the date of this filing, Plaintiff has produced nothing. Defendant intends to move to compel if production is not received forthwith. The Court should be aware that Plaintiff's characterization of the outstanding disputes as resolvable through further meet-and-confer does not reflect the actual posture of this case.

Plaintiff's assertion that service of the RFP was "improper and ineffective" is refuted by Plaintiff's own filing. Plaintiff has represented to this Court that it intends to serve "formal Rule 34(b)(2) written responses and objections" to the RFP. Rule 34(b)(2) governs responses to valid discovery requests. If Plaintiff genuinely believed service was a nullity, no Rule 34(b)(2) response would be required or contemplated, and Plaintiff would have said so. Instead, Plaintiff sat on the RFP for over six weeks, allowed the June 18, 2026 production deadline to pass without production or a motion for protective order, and now raises this argument in a joint status report after the fact. Plaintiff's own conduct treats the RFP as valid. Defendant will move to compel if production is not received forthwith.

Dated: July 2, 2026

**EQUAL ACCESS LAW GROUP, PLLC**
Counsel for Plaintiff

By: /s/ Mark Berrios-Ayala

Mark Berrios-Ayala, Esq.

Florida Bar No.: 1002272

4903 Avenue N

Brooklyn, New York 11367

Tel: (321) 364-4507

Email: mba@ealg.law


**LAW OFFICES OF ROMAN GROYSMAN, P.A.**
Counsel for Defendant Newest Beginnings, LLC

By: /s/ Roman Groysman

Roman Groysman, Esq.

Florida Bar No. 658502

101 NE 3rd Avenue, Suite 1500

Fort Lauderdale, Florida 33301

Tel: (754) 368-6777

Email: rg@groysmanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Roman Groysman